KRISTINA S. HOLMAN
Nevada Bar No. 3742
1100 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 614-4777
Facsimile: (702) 255-4779
Email: kholmanlaw@gmail.com
Attorney for Plaintiff,
JAY HOLZER

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAY HOLZER,<br><br>Plaintiff,<br><br>vs.<br><br>HIGH-TECH INSTITUTE, INC., a Nevada corporation; ROE CORPORATIONS I through X, inclusive; and DOES I through X, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br>**(Jury Demanded)** |

Plaintiff, Jay Holzer ("Mr. Holzer" or "Plaintiff"), by and through his attorney of record, Kristina S. Holman, complains and alleges as follows:

**INTRODUCTION**

1. This is a civil action for damages and injunctive relief to redress the deprivation of rights secured to Plaintiff by the common law and by Section 7(b), 29 U.S.C. § 626(b), of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"), which incorporates by reference Section 16(b), 29 U.S.C. § 216(b), of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* The Plaintiff asserts he was treated differently and terminated from his employment because of his age.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with or will be complied with as herein described:

    (a) Plaintiff filed a formal "Charge of Discrimination" with the United States Equal Employment Opportunity Commission (EEOC) on February 11, 2009 (attached hereto as Exhibit 1),

which is within 300 days of the commission of the unlawful employment practice alleged herein. (EEOC Charge No. 34B-2009-00542).

(b) Plaintiff received a "right-to-sue" letter from the EEOC dated January 28, 2010. Therefore, this Complaint will have been filed within 90 days of receipt of the EEOC's notification of right to sue.

## JURISDICTION AND VENUE

3. The Jurisdiction of the Court over this controversy is based upon the following:

(a) the Court's jurisdiction conferred by 28 U.S.C. § 1337 to enforce the provisions of the ADEA; and

(b) the Court's pendent jurisdiction to redress the unlawful and tortious conduct described herein.

4. Venue is proper in the Federal District Court of Nevada because Defendant is a corporation doing business in this judicial district within the meaning of 28 U.S.C. § 1391(c).

## THE PARTIES

5. Plaintiff, Jay Holzer, during the relevant time period, was a citizen of the County of Clark, State of Nevada. At all times relevant hereto, Plaintiff was first employed by High-Tech Institute, Inc. ("HTI") as an instructor by HTI in or about September 2004. Plaintiff was born October 5, 1939 and was 64 years old at the time HTI hired him.

6. Defendant HTI is a corporation licensed to conduct business in Nevada with its office and principal place of business in Las Vegas, Nevada in the County of Clark and is qualified to do business in the State of Nevada. At all times relevant to this civil action, Defendant HTI was the employer or former employer of Plaintiff.

7. Defendants are "persons" within the meaning of § 701(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(a) and 29 U.S.C. § 630 of the ADEA.

8. Defendants are engaged in an "industry affecting commerce" within the meaning of 42 U.S.C. § 12111(7), and Section 701(h) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(h), and 29 U.S.C. § 630 of the ADEA.

///

9. Defendants employ more than 500 employees and is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A), and 29 U.S.C. § 630 of the ADEA. As such an employer, Defendants are subject to Nevada and federal statutes prohibiting age discrimination. N.R.S. § 613.330, *et seq.* and 42 U.S.C. § 12101 *et seq.*, 29 U.S.C. § 626(b) of the ADEA, as amended, 29 U.S.C. § 621 *et seq.*

10. Doe Defendants I-X, inclusive, are persons and Roe Corporation Defendants I-X, inclusive, are corporations or business entities whose true identities are unknown to Plaintiff at this time. Individual Doe Defendants are persons acting on behalf of or at the direction of any corporate or business Defendants or who may be officers, employees, or agents of Defendant HTI and/or a Roe Corporation and acted to deprive Plaintiff of his rights. The Roe Corporations may be parent companies, subsidiary companies, owners, predecessor or successor entities, or business advisers, de facto partners, or joint venturers of Defendant HTI. Plaintiff alleges that individual Does I-X and Roe Corporation Defendants I-X may have authorized, committed, directed, and/or assisted in the commission or ratified the commission of the unlawful discriminatory and/or tortious acts directed toward Plaintiff and thus, may be responsible in whole or in part, for his damages. Plaintiff will seek leave to amend this Complaint as soon as the true identities of Doe/Roe Defendants are revealed to Plaintiff.

## FACTS

11. In or about September 2004, Defendant HTI hired Plaintiff Mr. Holzer as an instructor. Plaintiff was 64 years old at the time.

12. In his numerous evaluations of performance, which were student critiques, Mr. Holzer consistently averaged a 90% + approval rating and his most recent critique on 11/14/08 was a 98%. In addition, during his four years of employment with HTI, he missed only one day for an out-of-state funeral, and should have taken a sick day for melanoma surgery but did not. He was a dedicated and loyal employee.

13. In or about April 2008, Mr. Holzer applied for the position of Program Manager for Pharmacy Tech, which was vacant at the time. During the interview, Bill Hale, HTI Campus President, informed Mr. Holzer that he held the highest student retention rate, which was 94%. Mr. Hale stated that Mr. Holzer was high on the list for the position. However, Defendant HTI hired a much younger female for the position.

14. In or about September through October 2008, HTI conducted a complete overhaul of administration. HTI appointed Rose Funk as the new campus president. She was at least 20 years younger than her predecessor. HTI also appointed a new Director of Education and new program managers, all of whom were much younger than their predecessors. In addition, all replacements were HTI employees for less than one year.

15. In or about October 2008, HTI informed Mr. Holzer that the American Society of Health-System Pharmacists (ASHP) was to visit the Las Vegas HTI campus on December 5, 2008 for accreditation purposes. The pharmacy staff was briefed and told that faculty, students and graduates would be interviewed. And, for the first time since he had worked for HTI, Mr. Holzer was told he was required to obtain a Nevada Pharmacy License, as he had been working under the authority of his California Pharmacy License.

16. However, when Mr. Holzer contacted the Nevada Board of Pharmacy (NBP), the pharmaceutical licensing agent, he was informed that he was required to have a Nevada license only if he was filling prescriptions. He was told that a Nevada license was not required of him as an instructor. During that phone call, Mr. Holzer handed the phone to the HTI Program Director, Tigeria Delgado, who then heard for herself the NBP representative repeat that same information, that the State Board did not require Mr. Holzer to have a Nevada license.

17. On or about December 4, 2008, Ms. Delgado asked Mr. Holzer to stay an additional fifteen minutes after completing his last class. Even though he had previously committed to driving his handicapped sister to her doctor's appointment, Mr. Holzer agreed to stay. What followed was one of the most shocking and humiliating experiences of his life.

18. Mr. Holzer was escorted to Campus President Rose Funke's office where he was subjected to an intense and demeaning interrogation. President Funke asked him, "Did you check to see if you can teach without a Nevada license as of the first of the year?" to which Mr. Holzer replied, "The Nevada Board of Pharmacy says it is not necessary." Ms. Funke then stated, "We don't care. High Tech [HTI] wants you to have your Nevada License." She then ordered Mr. Holzer to leave the campus immediately, asked him to return his key, and told him he would not be allowed to say goodbye or ever

///

speak to his students again. Treated as a criminal, Mr. Holzer was then escorted off campus all the way to his car.

19. On December 5, 2008, Mr. Holzer checked the Pharmacy Tech Accreditation Standards at the ASHP website and found that Part I, Section C states that in order for a Pharmacy Tech to teach in a Pharmacy Tech school, he/she must be a certified pharmacy technician and have graduated from an ASHP school. There were no pre-conditions for a pharmacist to be an instructor. Mr. Holzer not only fulfilled all accreditation requirements to teach, he was the number one ranked instructor at HTI. In spite of being fully qualified for his position, HTI suddenly and without notice terminated his employment.

20. HTI hired a younger person as an instructor to replace Plaintiff Mr. Holzer and to perform his duties as an instructor.

## FIRST CAUSE OF ACTION
*Age Discrimination Under the Age Discrimination in Employment Act of 1967 ("ADEA") and State Anti-Discrimination Statutes*

21. Plaintiff repleads and realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 20 above as if fully set forth.

22. High-Tech (HTI) knew or should have known of its obligation, pursuant to state and federal statutes, to refrain from engaging in any form of age discrimination. HTI's actions constitute a violation of Section 7(b), 29 U.S.C. § 626(b), of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"), which incorporates by reference Section 16(b), 29 U.S.C. § 216(b), of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

23. Defendant HTI engaged in a pattern of discrimination against Mr. Holzer based upon his age. HTI's actions were intentional and done with malice and wanton and willful disregard for the well-established and federally protected rights of Mr. Holzer.

24. As a direct and proximate result of HTI's discrimination, Mr. Holzer has been deprived of economic benefits, including, but not limited to, lost wages, loss of fringe benefits, and loss of job opportunities (including promotions).

25. HTI's age discrimination against Mr. Holzer has caused, continues to cause, and will cause him to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment of life, inconvenience, and other non-pecuniary losses.

26. It has been necessary for Mr. Holzer to retain the services of an attorney and he should be compensated therefor.

## SECOND CAUSE OF ACTION

### *Injunctive Relief*

27. Mr. Holzer repleads and realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 26 above as if fully set forth.

28. Pursuant to 42 U.S.C. § 2000e-2 *et seq.*, Mr. Holzer seeks injunctive relief requiring that High-Tech (HTI) correct its past discriminatory practices; and take appropriate steps to ensure that all employees are afforded a workplace free of unlawful age discrimination.

29. Mr. Holzer seeks injunctive relief from this Court requiring that High-Tech (HTI) take all steps necessary to evaluate the existence of conduct in its workplace which might constitute discrimination and institute effective educational and prevention programs to prevent or remedy conduct which might constitute discrimination based on age; and to take appropriate disciplinary action against all employees who participated in, tolerated or failed to act to prevent, stop or remedy the acts of age discrimination against Mr. Holzer.

30. The above-described acts of Defendant HTI and are wanton, willful, malicious and done with a conscious disregard for Mr. Holzer's federally protected rights. Plaintiff has suffered financial loss as a direct result of said illegal conduct and is entitled to be fully compensated therefor.

31. It has been necessary for Mr. Holzer to retain the services of an attorney and he should be compensated therefor.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jay Holzer, respectfully prays as follows:

1. A trial by jury on all issues;
2. All employment-related losses including but not limited to (back pay, front pay, benefits) subject to proof;
3. All compensatory, special and general damages allowed by law;
4. Injunctive relief as set forth above;
5. Attorneys' fees and costs of suit incurred herein;

6. Prejudgment interest;

7. Punitive damages, including liquidated damages for willful violation of the ADEA, in an amount sufficient to punish and deter Defendant High-Tech from engaging in any such conduct in the future and as an example to other employers not to engage in such conduct; and

8. For such other and further relief as the Court shall deem just and proper.

Respectfully submitted this 27th day of April, 2010.

By: /s/ Kristina S. Holman
KRISTINA S. HOLMAN
Nevada Bar No. 3742
1100 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 614-4777
Facsimile: (702) 255-4779
Email: kholmanlaw@gmail.com
Attorney for Plaintiff,
JAY HOLZER

**EXHIBIT 1**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| X  FEPA | 0211-09-0069L |
| X  EEOC | 34B-2009-00542 |

**Nevada Equal Rights Commission** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Jay Holzer | (702) 255-5235 | 10-05-1939 |

Street Address / City, State and ZIP Code
[redacted]

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| HIGH TECH INSTITUTE | 15 - 100 | (702) 385-6700 |

Street Address: 2320 S. Rancho Drive, Las Vegas, NV 89102

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [X] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10-01-2008    Latest: 12-04-2008
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe that I was discriminated against because of my age, 69. During October 2008, I was denied a promotional opportunity. On December 4, 2008, I was discharged. I filed my complaint with the Nevada Equal Rights Commission on January 23, 2009.

During August 2004, I was hired. I was working as a Pharmacy Tech Instructor, at the time of harm.

**Promotion:** During October 2008, I was denied a promotion to the position of Pharmacy Program Manager. I was interviewed for the position. However the Respondent selected Tijeria Delgado, a younger female for the position.

**Discharge:** The Respondent stated that I needed a Nevada Pharmacy License to continue to teach after January 1, 2009. I called the Nevada State Board. I handed the phone to Ms Delgado. She was informed that a license was not necessary for teaching, only for dispensing prescriptions in Nevada.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 2/11/09
Charging Party Signature: [signature]

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT [signature]

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | 0211-09-0069 L |
| [X] EEOC | 34B-2009-00542 |

**Nevada Equal Rights Commission** and EEOC
*State or local Agency, if any*

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On December 4, 2008, I was escorted after my last class to Ms. Rose Funke's office, by Ms. Delgado. Ms. Funke is the Campus President. Ms. Funke asked, "Did you check to see if you needed a Nevada Pharmacy license?" I stated, "Yes I did and it is not necessary to continue to teach, only to dispense Rxs." Ms. Funke said, "I don't care what they said. Here's you paycheck to date, give me your key, you're out." I was then escorted to my car and I left.

I was replaced by a younger person.

It is my contention that the Respondent used pretext to remove me from its work force, so I could be replaced by a younger person.

I was discriminated against because of my age, in violation of The Age Discrimination in Employment Act (ADEA) and applicable State Laws.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

2/11/09
Date

Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)